UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

PHILIP S.,[1]

      Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

      Defendant.

Case No. 6:22-cv-00804-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    Plaintiff Philip S. seeks judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381-1383f. This court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g). For the reasons set forth below, that decision is AFFIRMED.

    Plaintiff protectively filed for SSI on July 30, 2019, alleging disability beginning on September 4, 1996. Tr. 200. Plaintiff's application was initially denied on January 13, 2020, and again upon reconsideration on June 22, 2020. Tr. 90-91, 106-07. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on April 26, 2021. Tr. 28-57. At the hearing, plaintiff and a vocational expert testified. *Id.* Plaintiff also amended his alleged onset date to July 30, 2019. Tr. 36-37. The ALJ issued a decision on June 2, 2021,

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of plaintiff's last name.

1 – OPINION AND ORDER

finding plaintiff not disabled within the meaning of the Act. Tr. 13-22. On April 4, 2022, the Appeals Council denied plaintiff's request for review, making the ALJ's written decision the final decision of the Commissioner and subject to review by this court. Tr. 1-6; 42 U.S.C. § 416.1481.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920;

2 – OPINION AND ORDER

*Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of July 30, 2019. Tr. 15. At step two, the ALJ determined plaintiff suffered from the following severe impairments: autism spectrum disorder, anxiety disorder, depressive disorder, and attention-deficit/hyperactivity disorder (ADHD). *Id*.

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 16. The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined plaintiff has the ability to

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: he can perform simple, routine tasks consistent with a reasoning level of 1 or 2. The claimant can tolerate occasional, incidental contact with coworkers, supervisors, and the general public. He can tolerate occasional changes to work routines and processes.

Tr. 17.

At step four, the ALJ found plaintiff had no past relevant work. Tr. 21. At step five, the ALJ determined that, based on plaintiff's age, education, work experience, and RFC, there were jobs that existed in the national economy that plaintiff could perform, including field crop farm worker, kitchen helper, and housekeeping, cleaner. *Id*. Thus, the ALJ concluded that plaintiff was no disabled. Tr. 22.

## DISCUSSION

**I.      Subjective Symptom Testimony**

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms alleged, and the record contains no

3 – OPINION AND ORDER

affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted).  A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).  The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted).  The ALJ need not "perform a line-by-line exegesis of the claimant's testimony" or "draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).  But Ninth Circuit law "plainly requires" that an ALJ do more than "offer[ ] non-specific conclusions that [the claimant's] testimony [is] inconsistent with [certain evidence]." *Id.* (citations omitted).  If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

      Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See* SSR 16-3p, *available at* 2016 WL 1119029.  SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1-2.  The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and

other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

Plaintiff alleges that the ALJ improperly discounted his subjective symptom testimony regarding his autism spectrum disorder and ADHD. Pl.'s Br. 6-13, ECF 20. Plaintiff testified that he once ignored his boss's directive while working as a camp counselor because he was sure he was right and his boss was wrong. Tr. 43-44. He also had two incidents of customer complaints while working at a movie theater concessions stand because his frustrations "started building." Tr. 41-42. However, plaintiff explained that he lost his job at the movie theater due to the pandemic and could not continue working a different job as a parking attendant for insurance-related reasons, not because of his mental health. Tr. 39-40.

Plaintiff described that he needed reminders to stay on task, and was often late because he slept in, lost track of time, or misgauged how long it would take to arrive at a destination. Tr. 44. Plaintiff had a difficult time understanding what other people expected from him, i.e., he did not "fully understand instructions for why [he was] expected to do something." Tr. 45. When asked about his ability to concentrate, plaintiff stated that was easily distracted and "distraction might have contributed" to the two minor car accidents he had while working as a parking attending, although it was "difficult to say." Tr. 46. When asked about his ability to sustain full time work, plaintiff testified that he would find it difficult to maintain attendance due to "distraction, loss of motivation over time, and difficulty keeping track of time." Tr. 47. Plaintiff also testified, however, that he attended college for a little over two years. Tr. 47. He could not remember whether he had accommodations in college. He explained he was "trying to work more independently as an adult" and had "room for accommodations sort of built in," although he was not "taking advantage of them." Tr. 47-48.

5 – OPINION AND ORDER

A. **Objective Medical Evidence**

The ALJ rejected plaintiff's subjective symptom testimony because it was inconsistent with the medical evidence. Tr. 18. In evaluating a claimant's subjective symptom testimony, an ALJ may consider whether it is consistent with objective medical evidence. 20 C.F.R. §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3); SSR 16-3p, *available at* 2017 WL 5180304, at *7-8. The lack of objective medical evidence may not form the sole basis for discounting a claimant's testimony. *Tammy S. v. Comm'r Soc. Sec. Admin.*, No. 6:17-cv-01562-HZ, 2018 WL 5924505, at *4 (D. Or. Nov. 10, 2018) (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[T]he Commissioner may not discredit [a] claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.")). However, "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original).

An independent review of the record confirms that plaintiff's complaints are inconsistent with his medical records. As the ALJ observed, plaintiff's medical records indicate that he "reported improved attention and focus and no side effects" while on ADHD medication. Tr. 19 (citing Ex. 4F/37-43, 59-61; 9F/13-15, 21-23). The ALJ further noted that plaintiff had "good results" with Wellbutrin, which was prescribed for symptoms of depression. *Id.* (citing Ex. 9F/13-15, 21-23; 12F/9-11, 55-59). Plaintiff was prescribed extended release Adderall for increased irritability, *id.* (citing Ex. 12F/9-11), and the ALJ observed that plaintiff "continue[d] to report good response with use of medication, as evidenced by a period where he had more difficulty with focus and motivation while without it." *Id.* (citing Ex. 12F/61-64, 68-71). The

ALJ additionally noted that plaintiff denied issues related to anxiety and his treating psychiatrist did not diagnose him with an anxiety related disorder. *Id.* (citing Ex. 4F/37-43; 11F).

The ALJ's rejection of plaintiff's testimony based on inconsistencies with the objective medical record is a clear and convincing reason to discount his testimony and is supported by substantial evidence in the record. Accordingly, the ALJ did not err in rejecting plaintiff's testimony on this basis.

### B. Inconsistent Statements

The ALJ also found plaintiff's testimony was inconsistent with his educational achievements and work history. "In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and [the claimant's] conduct, daily activities, and work record, among other factors." *Bray v. Comm'r*, 554 F.3d 1219, 1227 (9th Cir. 2009).

The ALJ observed that plaintiff graduated high school with a regular diploma and attended community college, where he could not recall if he used any accommodations. Tr. 18. The ALJ also cited to plaintiff's work history as a parking lot manager for Diamond Parking and a concessions worker with Cinemark. Tr. 18-19. Plaintiff claimed that he suffered from a lack of motivation, an inability to sustain attendance, distractibility, the need for constant reminders, and lack of motivation. Tr. 41-42, 44, 46-47, 232-39. However, the ALJ noted that plaintiff was able to sustain work with Diamond Parking from October 2018 to January 2019. Tr. 18. Plaintiff described no issues with attendance, motivation, or focus, and explained that he lost his job because of two minor accidents that caused his car insurance rate to rise to a level his mother could no longer afford. Tr. 39-40. The ALJ also observed that plaintiff worked for Cinemark for several months and his job there ended due to the COVID-19 pandemic "rather than any impairment related issues." Tr. 18 (citing Ex. 7D). While plaintiff had two customer

complaints, he successfully completed Cinemark's 90-day retention policy, was "doing great" and "getting the hours he needed," and was told he would be "hired back as soon as this pandemic has cleared" and would "likely be rehired." Tr. 18-19 (citing Ex. 8F/9-10, 7F/27).

Thus, the ALJ provided clear and convincing reasons to discredit plaintiff's subjective symptom testimony. Although plaintiff argues for a different reading of the record, because the ALJ's findings are supported, they must be upheld. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (holding that if evidence exists to support more than one rational interpretation, the court is bound to uphold the ALJ's findings).

## II.   Medical Opinion Evidence

Plaintiff argues the ALJ improperly discredited the medical opinion of Dr. Alireza Parsoei, M.D., plaintiff's treating psychiatrist. Pl.'s Br. 13-16, ECF 20.

When evaluating medical opinion evidence for claims filed on or after March 27, 2017, the ALJ must apply 20 C.F.R. § 404.1520c for Title II claims and 20 C.F.R. § 416.920c for Title XVI claims. *Revisions to Rules Regarding the Evaluation of Medical Evidence* (*Revisions to Rules*), 82 Fed. Reg. 5844, *available at* 2017 WL 168819 (Jan. 18, 2017). Under these regulations, ALJs no longer "weigh" medical opinions, but rather determine which are most "persuasive." 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). To that end, controlling weight is no longer given to any medical opinion. *Revisions to Rules*, 82 Fed. Reg. at 5867-68; *see also* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the persuasiveness of medical opinions based on (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(a), (c)(1)-(5), 416.920c(a), (c)(1)-(5).

8 – OPINION AND ORDER

The factors of "supportability" and "consistency" are considered to be "the most important factors" in the evaluation process. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant . . . objective medical evidence." *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)). Consistency means the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." *Id.* (citing 20 C.F.R § 404.1520c(c)(2)).

An ALJ must articulate how persuasive the medical opinions are and explain how the supportability and consistency factors are considered. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b); *see Tyrone W. v. Saul*, No. 3:19-CV-01719-IM, 2020 WL 6363839, at *7 (D. Or. Oct. 28, 2020). "The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements." *Linda F. v. Comm'r Soc. Sec. Admin.*, No. C20-5076-MAT, 2020 WL 6544628, at *2 (W.D. Wash. Nov. 6, 2020). However, ALJs are required to explain "how they considered other secondary medical factors [if] they find that two or more medical opinions about the same issue are equally supported and consistent with the record but not identical." *Tyrone W.*, 2020 WL 6363839, at *6 (citing 20 C.F.R. §§ 404.1520c(b)(2) and 404.1520c(b)(3)). Furthermore, the court must continue to consider whether the ALJ's decision is supported by substantial evidence. *See Revisions to Rules*, 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source

9 – OPINION AND ORDER

opinions, rather than on whether substantial evidence supports our final decision."); *see also* 42 U.S.C. § 405(g).

In conjunction with plaintiff's application for benefits, Dr. Parsoei provided a brief summary of her treatment of plaintiff. Tr. 840-47. Dr. Parsoei began treating plaintiff on June 12, 2019, and saw him every two to three weeks for ADHD, depression, and Aspergers. Tr. 840-41. Dr. Parsoei opined that it would be hard for plaintiff to work due to his ADHD, Aspergers, social challenges and awkwardness, and stress with supervisors. Tr. 841. She also noted that it "might be even hard to manage low stress jobs" because plaintiff is "very rigid/concrete." *Id*. Notably, Dr. Parsoei declined to provide any functional assessment of plaintiff's capabilities, indicating that she was his clinical psychiatrist. Tr. 843.

Plaintiff argues the ALJ failed to discuss the supportability and persuasiveness of Dr. Parsoei's medical opinion. However, Dr. Parsoei did not provide a medical opinion. A medical opinion is a statement from an acceptable medical source that shows what plaintiff "can still do despite impairment(s), and [his] physical or mental restrictions." 20 C.F.R. § 416.927(a)(1). Dr. Parsoei specifically declined to provide any functional assessment of plaintiff. Tr. 843. The ALJ correctly assessed Dr. Parsoei's lack of a medical opinion, and nevertheless incorporated Dr. Parsoei's general statements into plaintiff's RFC. Tr. 19. In sum, the ALJ did not err.

## ORDER

Based on the foregoing, the Commissioner's decision is AFFIRMED.

DATED February 27, 2024.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge
